## Weekly Report of NEW CASES DOCKETED

### SILSBY et v. STATE

STATE ex SILSBY et v. WHITE, Judge

Ohio Supreme Court

Nos. 21250 and 21255. Decided Nov. 26, 1928.

Error to Cuyahoga Appeals.

Judgment Reversed.

In Mandamus.

Writ Denied.

MARSHALL, CJ.

#### CRIMINAL LAW

(190 S3) The requirements of section 13694 General Code impose a mandatory duty upon a trial judge to ask an accused person whether he has anything to say why judgment should not be pronounced against him.

Where that duty has not been discharged by the court and error is prosecuted therefrom and a court of review finds no other error in the record, the judgment should be reversed and the cause remanded to the trial court for the sole purpose of resentence.

Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

### STEPHENSON v. STATE

Ohio Supreme Court.

No. 21230. Decided Nov. 26, 1928.

On Motion to Dismiss Petition in Error.

Dismissed.

MARSHALL, CJ.

#### CONSTITUTIONAL LAW

(140 F) Article 6 of the Amendments to the Federal Constitution was not intended to limit the powers of the state governments in respect to their own people but to operate on the national government alone.

#### TRIAL

(590 J3) Trial by jury is not a necessary requisite of due process of law, and a denial of that right is not violative of Section 1 of Article 14 of the Amendments to the Federal Constitution.

#### ERROR PROCEEDINGS

(260 P) Except where the jurisdiction of the trial court over the subject-matter of the action is involved, assignments of error in a petition in error filed in a reviewing court reach only alleged errors of law where objections were made and exceptions reserved in the trial court, and such reviewing court will only consider and determine alleged errors of law where the questions involved were raised and determined in the court of first instance.

Day, Allen, Kinkade and Matthias, JJ., concur.

### C. Z. & W. TRANSP. CO. v. P. U. C.

Ohio Supreme Court.

No. 21172. Decided Nov. 26, 1928.

Error to P. U. C.

Order Reversed.

ALLEN, J.

#### AUTOMOBILES

(50 P2b) Where a motor transportation company abandons operation over a portion of its certificated route without the approval of such abandonment by the Public Utilities Commission, good cause for the revocation of the certificate is thereby established. However, under Section 614-92, General Code, when part of a route becomes concededly impassable and the motor transportation company notifies the Public Utilities Commission of that fact, the Public Utilities Commission is justified in approving a suspension of operation.

Where the uncontradicted facts of the record show that a motor transportation company, through its president, conferred upon various occasions with the Public Utilities Commission as to the impassability of part of its route, and that such motor transportation company at such conferences offered to operate over that part of the route which was passable, and that a letter was sent by the attorney of such motor transportation company to the Public Utilities Commission, notifying the commission of the impassability of such route, and that the chairman of the Public Utilities Commission noted upon such letter, "Approved," followed by his signature, upon complaint being instituted thereafter that the route has been abandoned, the Public Utilities Commission is not justified in revoking the certificate.

Marshall, CJ., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.